UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAINT-MARTIN,<br><br>　　　　　Plaintiff,<br>vs.<br><br>BRANDON PRICE,<br><br>　　　　　Defendant. | No. 1:18-cv-00123-DAD-SKO<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 40) |

On March 29, 2019, Defendant filed an ex parte application to modify the scheduling order in this case ("Ex Parte Application"). (Doc. 40.) Defendant's Ex Parte Application requests a six-month continuance of the trial and pre-trial dates "to accommodate (1) additional time to take the deposition of Plaintiff Michael Saint-Martin due to the unavailability of Plaintiff's counsel for his noticed deposition in March 2019, and (2) Defendant's production of digital documents maintained by over 20 custodians pending receipt of a signed stipulation and an order approving such stipulation." (*Id.* at 1.) Defense counsel states that she emailed Plaintiff's counsel regarding the intent to file the Ex Parte Application, but did not receive a response. (Doc. 41-1, Declaration of Lisa Tillman, ¶ 13.)

On April 1, 2019, the Court entered a minute order ordering Plaintiff to file a response in opposition or statement of non-opposition, if any, by no later than April 8, 2019. (Doc. 41.) The Court advised Plaintiff that if he failed to file a response, Defendant's Ex Parte Application would

| | |
|---|---|
| 1 | be deemed unopposed. (*Id.*) To date, Plaintiff has not filed a response to Defendant's Ex Parte |
| 2 | Application. (*See* Docket.) |

Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order "only for good cause." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 10 1271, 1295 (9th Cir. 2000). A trial court may also consider prejudice to any opposing party in ruling on a motion to modify the scheduling order. *Id.* at 1295.

As set forth in Defendant's Ex Parte Application to modify the scheduling order, Defendant has been diligent in complying with the Court's scheduling order and seeking an amendment. Defendant attempted to take Plaintiff's deposition in March 2019, but Plaintiff's counsel canceled the deposition due to another commitment and informed Defendant she was not available during the first week of April 2019. (Doc. 40 at 4.) The parties have also been discussing the terms of a stipulated protective order since January 2019, which Defendant seeks prior to responding to Plaintiff's request for production. (*Id.* at 5.) Defendant asserts that even once the protective order is entered, "Defendant requires at least four months to collect, review for privilege and relevance, and produce the sought documents, and Plaintiff requires time to challenge any such production."

Accordingly, in view of the good cause shown and absence of any prejudice to Plaintiff, as evidenced by his lack of opposition, the Court GRANTS Defendant's Ex Parte Application to modify the scheduling order (Doc. 40), and ORDERS that the Scheduling Order, (Doc. 32), be modified as follows:

1. The non-expert discovery cut-off is extended *only* for the two following matters:
   a. Defendant may take the deposition of Plaintiff by May 31, 2019.
   b. Defendant may produce electronic documents responsive to Plaintiffs request for production, set one and special interrogatories, set one, by August 1, 2019.
2. The expert disclosure deadline, currently set for March 4, 2019, shall be continued to August 8, 2019.
3. The rebuttal expert disclosure deadline, currently set for April 5, 2019, shall be continued to September 9, 2019

4. The expert discovery cut-off, currently set for May 6, 2019, shall be continued to October 10, 2019.

5. The deadline for the parties to file non-dispositive motions, currently set for May 7, 2019, shall be continued to November 5, 2019, to be heard on or before December 4, 2019.

6. The deadline for the parties to file dispositive motions, currently set for June 4, 2019, shall be continued to December 3, 2019, to be heard on or before January 21, 2020.

7. The settlement conference, currently set for April 23, 2019, shall be continued to October 29, 2019, at 1:00 PM in Courtroom 10 (EPG) before Magistrate Judge Erica P. Grosjean.

8. The pretrial conference, currently set for September 23, 2019, shall be continued to March 30, 2020, at 1:30 PM in Courtroom 5 (DAD) before District Judge Dale A. Drozd.

9. The trial, currently set for December 3, 2019, shall be continued to June 2, 2020, at 1:00 PM in Courtroom 5 (DAD) before District Judge Dale A. Drozd.

IT IS SO ORDERED.

Dated: **April 10, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE